IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ULYSSES JOHNSON,

    Plaintiff,

v.                                        CASE NO. 4:14-cv-120-MW-GRJ

JUDGE L/N/U, SECOND JUDICIAL
CIRCUIT COURT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate at the Leon County Jail, initiated this case by filing a handwritten document construed as a civil rights complaint pursuant to 42 U.S.C § 1983. Doc. 1. This case is before the Court for screening pursuant to 28 U.S.C § 1915A. Plaintiff did not use the Court's form for prisoner civil rights complaints and has neither paid the $350.00 civil rights filing fee nor filed a motion for leave to proceed as a pauper. Because the allegations of the Complaint are plainly frivolous, the Court concludes that the case is due to be dismissed and it is unnecessary to require Plaintiff to correct this deficiency.

    The Complaint stems from Plaintiff's unspecified criminal proceedings that are pending in the Second Judicial Circuit Court. The only Defendant is the unnamed Judge who has presided over Plaintiff's case. While the allegations of the Complaint are difficult to construe, Plaintiff states that the presiding judge has denied him a bond and is having the jail feed Plaintiff insects and other items. Plaintiff makes a vague assertion of "sexual harassment" by the court and/or an unnamed person who has been

communicating with Plaintiff telepathically. Doc. 1.

To the extent that Plaintiff seeks this Court's intervention in his pending criminal proceedings, this Court should abstain from entertaining Plaintiff's claims pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004). The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*.

To the extent that Plaintiff seeks monetary damages against the presiding judge, his claims are barred by the doctrine of absolute judicial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."). There is no allegation in the Complaint suggesting that this case would fall within any exception to the immunity doctrine.

Case 4:14-cv-00120-MW-GRJ   Document 3   Filed 04/02/14   Page 3 of 4

Page 3 of 4

Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint if it is "(1) frivolous . . . or (2) seeks monetary relief from a defendant who is immune from such relief." Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. In this case, it is clear that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief in a civil rights complaint, and amendment would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A because the Complaint is frivolous and because Plaintiff seeks monetary relief against a defendant who is immune from suit. Such dismissal will count as a "strike" pursuant to 28 U.S.C § 1915(g). If Plaintiff accumulates three strikes, he will be barred from proceeding *in forma pauperis* in a civil case in federal court, absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C § 1915(g).

**IN CHAMBERS**, at Gainesville, Florida, this 2nd day of April 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.